1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
9                                         AT SEATTLE

JOSEPHINE D. DALIT,                          )
10                                            )    Case No. C09-1179 MJP
                              Plaintiff,      )
11                                            )    ORDER GRANTING CHASE
            v.                                )    HOME FINANCE, LLC's
12                                            )    MOTION TO DISMISS
CHASE HOME FINANCE, LLC; and DOES 1-          )    PURSUANT TO FRCP 12(b)(6)
13  50,                                       )
                                              )
14                            Defendants.     )
                                              )
15  ────────────────────────────────────

16          This matter comes before the Court on Chase Home Finance, LLC's ("Chase's")

    Motion to Dismiss Pursuant to FRCP 12(b)(6). (Dkt. No. 3.) Plaintiff has not filed a
17
    response and Defendant filed a reply. (Dkt. No. 5.) For the reasons set forth below, the Court
18
    GRANTS Defendant's motion and all Plaintiff's claims are hereby DISMISSED.
19
            Plaintiff Josephine Dalit asserts claims against Chase based on an "Adjustable Rate
20
    Note" executed between the parties. (Compl. ¶ 5.) Plaintiff complains Defendants "did not
21
    explain" the nature of the interest or instrument at issue. (Id. ¶ 7.) Plaintiff asserts claims
22
    based on the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement
23
    Procedures Act (RESPA), 26 U.S.C. § 2601, *et seq.*, the Home Ownership and Equity
24
    Protection Act of 1994, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*,
25
    as well as common law claims for breach of fiduciary duty and breach of the covenant of
26
    good faith and fair dealing.
27

Defendants move to dismiss all claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 3 at 5-6.) On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must assess the legal feasibility of the Complaint. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A complaint withstands the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 556); <u>see also</u> <u>Moss v. U. S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009) (citing <u>Iqbal</u> 129 S. Ct. at 1949) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

The Court accepts Plaintiffs' factual allegations as true, but need not accord the same deference to legal conclusions. <u>Iqbal</u>, 129 S. Ct. at 1949-150 (citing <u>Twombly</u>, 550 U.S. at 555). Even though a court must construe a pro se litigant's complaint liberally, a plaintiff's complaint must state a claim. <u>See</u> <u>Gimbel v. California</u>, 308 Fed. Appx. 123, 124 (9th Cir. 2009).

Under Local Rule 7(b)(2), if a party fails to respond to an adverse motion, "such failure may be considered by the court as an admission that the motion has merit." Even ignoring Plaintiff's failure to respond, the complaint falls short of Rule 8's pleading requirements. The two paragraphs that mention Chase simply allege (1) it is a company conducting business and (2) it is a "servicer" within the ambit of 26 U.S.C. § 2605. (Compl. ¶¶ 2, 21.) The latter statement is a legal conclusion and neither statement suggests that Chase

is liable for any injury. Most of the allegations in the complaint are simply conclusions of law. (See id ¶ 31 (alleging Defendants' "debt collector" status).) Many of Plaintiff's allegations are incomplete. (See id. ¶ 5 ("On or about_____, Plaintiffs executed an 'Adjustable Rate Note' promising to pay 'Chase' the sum of $_____ by monthly payments.").) Read as a whole, the complaint does not allege a factual scenario that would give rise to a reasonable inference of liability. Iqbal, 129 S. Ct. at 1949. Chase is entitled to dismissal of all claims.

The Court HEREBY ORDERS that Chase's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. No. 3) is GRANTED. From the record, no other Defendant has been served. Accordingly, Plaintiff's complaint is DISMISSED.

The Clerk is directed to transmit a copy of this Order to all counsel of record and mail a copy to Plaintiff.

DATED this 27th day of October, 2009.

Marsha J. Pechman
United States District Judge